# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1420

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Jodi Lynn Richter, | * | |
| also known as Nurse Betty, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 7, 2011
Filed: October 14, 2011

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Jodi Richter challenges the sentence imposed by the district court[1] upon her guilty plea to conspiring to possess with intent to distribute and to distribute in excess of 500 grams of a methamphetamine mixture. She entered her guilty plea pursuant to a written plea agreement that contained an appeal waiver. Her counsel moves to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, but arguing that a defendant

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

should be permitted to seek appellate review of the judgment and imposition of sentence by the district court notwithstanding an appeal waiver.  Richter seeks appointment of new counsel.

We conclude that this appeal is barred by the appeal waiver.  The appeal falls within the scope of the waiver; the record establishes that Richter knowingly and voluntarily entered into both the plea agreement and the appeal waiver; and enforcing the waiver would not result in a miscarriage of justice.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth criteria for enforcing appeal waiver).  We have also reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no non-frivolous issue for appeal beyond the scope of the appeal waiver.

Accordingly, the appeal is dismissed.  We also grant counsel's motion to withdraw, and we deny Richter's motion for new counsel.

_____